RACHEL ANN HOLLIDAY *et al.*, Plaintiffs in Error, *v.* ROBERT DIXON, Jr., Defendant in Error.

ERROR TO PERRY.

*Held,* that the following words of devise in a will gave the devisee an estate of inheritance: "I will and bequeath to my oldest daughter, Margaret Jane Elizabeth Holliday, eighty acres of land where my house and well stands, never to to her and and heirs forever, never to be mortgaged nor sold forever."

In construing wills, the court will gather the meaning of the testator from the language used, if it be possible to do so.

ROBERT DIXON, Junior, the plaintiff in the court below, and defendant in error, at the April term of the Perry Circuit Court, 1860, filed his petition in the Circuit Court of Perry county, setting forth that he was the husband of Margaret Jane Elizabeth Holliday, eldest daughter of Matthew Holliday deceased, and that on the 2nd December, 1848, said Holliday, being seized in fee of the following described real estate, viz., east half north-west quarter section 21, town 4 south, range 4 west, 3rd principal meridian, in said county of Perry, made his will, in substance as follows: "I will and bequeath to my oldest daughter, Margaret Jane Elizabeth Holliday, the eighty acres of land where my house and well stands, *never to her and her heirs forever, never to be mortgaged and sold forever;*" that on the 1st April, 1859, petitioner intermarried with the said Margaret Jane Elizabeth Holliday, deceased, and lived

with her as her lawful husband until she died, which was on the 11th July, 1860; that there was no issue of the marriage born alive; and the defendants in the court below were brothers and sisters of his said wife, and her only surviving heirs-at-law, and as such interested in said estate, and that the defendants in the court below are minor children of the said Matthew Holliday, deceased, by a second wife, excepting the defendant Samuel, who is their lawful guardian.

The petitioner claims by his petition that he is entitled by law to one undivided half of the above described eighty acre tract of land, (it being the same eighty acre tract in the will referred to,) as heir by statute of his said wife, the fee simple therein being by the terms of said Matthew's will devised to said Margaret Jane Elizabeth, the wife of petitioner, as above stated, and prayed a partition thereof accordingly.

At the September term, 1860, of the Perry Circuit Court, a final decree for the partition of the premises was entered according to the prayer of the petitioner, and partition made by commissioners, who, at the April term, 1861, of said court, made their final report, which was filed and approved by the court, but excepted to at the same term by plaintiff in error.

The defendants in the court below bring the cause by writ of error into this court.

E. BEECHER, and R. S. NELSON, for Plaintiffs in Error.

MARSHALL & WALL, for Defendant in Error.

CATON, C. J. The clause of the will upon the construction of which this cause depends, is this: "I will and bequeath to my eldest daughter, Margaret Jane Elizabeth Holliday, eighty acres of land, where my house and well stands, never to to her and and heirs forever, never to be mortgaged nor sold forever." It is insisted by the appellant that it was the intention of the testator to create a life estate only in his daughter, and to forbid her heirs from inheriting the estate, upon her decease. It may be remarked that as the will was executed by the testator by affixing his mark, it must have been written by another, and that he must have been illiterate, or very careless, or both. Evidently here are words inserted, not designed to be used, and others which were intended are omitted. Still we must gather the meaning of the testator from the language used, if that be possible. There is one thing which may be safely assumed in the beginning, and that is, the testator intended to make some provision for his daughter Margaret, out of the premises described, and the only ques-

tion is, what was the extent of that provision? What estate in the land did he design to create in her? It is admitted on all hands that he intended to create in her either a life estate or an estate of inheritance. The appellant insists that it was the former. By the will the testator first gives the land to her, and then specifies the estate, thus—" never to to her and and heirs forever, never to be mortgaged nor sold forever." Now here are two qualifying words of opposite meaning, one of limitation and the other of extension, both of which cannot stand, and we must determine which to reject, in order to arrive at the meaning of the testator. These words are "never" and "forever." If we give effect to the former and reject the latter, we not only defeat the estate in the heirs but in the devisee also. The negation or prohibition expressed by the word *never* applies as much to the estate created in her as in her heirs. It is *never* to her as well as never to her heirs. This was manifestly not the intention of the testator, unless we conclude that he meant nothing by this second clause of the will—that he intended to give nothing whatever to his eldest daughter. But this is not contended. All admit that he meant to give her some estate in this land. So that we are obliged, in order to give effect to the acknowledged intent of the testator, to strike out the word *never* where it first occurs, as having been inserted by mistake. And when once stricken out so as to allow her to take the devise, we have no warrant by any intimation of the intention or desire of the testator, to insert the word in another place for the purpose of excluding her heirs. On the contrary the word *forever* following the word heirs, shows an intention, that not only she but her heirs should take an estate of unlimited duration, restricted only by the words which follow, that they should never mortgage or sell it.

We have no doubt that this was the intention of the testator, and the decree must be affirmed.

*Judgment affirmed.*