## MARY W. HAMILTON *et al.*

*v.*

## JAMES A. HAMILTON *et al.*

*Filed at Springfield March 21, 1881.*

WILL—*power of executors to sell and convey real estate.* A testator, by the sixth clause of his will, directed his property to be equally divided between his children and the children of a deceased child or children, as a class, and he so devised it, and in the ninth clause empowered and directed his executors to make the division, and allot and distribute the several equal parts by writing, under their hands and seals, to the persons entitled thereto, and in the tenth clause declared that, "for the purpose of carrying out any of the provisions of this my will, I give to my executors hereinafter appointed, *full power and authority to convey in fee simple absolute, or otherwise, in their discretion,* all or any portion of my real estate, and to execute and deliver all proper deeds and instruments in writing therefor:" *Held,* that by the tenth clause the executors were fully empowered to sell and convey any of the testator's real estate, as they might deem advantageous to the estate and to a proper division,—the power to convey by all proper deeds, etc., implying a power to sell.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on error to the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

Mr. JOHN S. WIRT, for the plaintiffs in error, after stating the general rule of interpretation of wills, contended that the tenth clause gave the executors the power to sell and convey any of the testator's real estate, and that it was not controlled by the ninth clause, so that the executors could only convey for the purpose of carrying out the provisions of section 9, that is to the "issue collectively" of deceased children of the testator.

Any other construction would ignore the fact that in the tenth clause the class of persons to whom conveyances may be made is unlimited, and that the power to convey is not granted for the purposes of the ninth clause merely, but for

the purpose of the carrying "out of the provisions" of the will.

No argument is made as to the jurisdiction of the court to entertain such a bill for construction as incident to the administration of a trust, as there seems to be no reasonable doubt on that point.    2 Story's Eq. Jur. § 1065; 1 Redfield on Wills, p. 492.

Messrs. JUDD & WHITEHOUSE, for the defendants in error:

It seems plain that the paramount idea and intention of the testator in the sixth item of his will, and in the auxiliary provisions, was to effectuate a division of his estate, both real and personal, not otherwise disposed of.    The authority granted to the executors to "convey in fee simple absolute, or otherwise, in their discretion, *all* or any portion" of the real estate as specified in the tenth item of the will, does not import authority to *sell* and convey *any* portion of the real estate; and the absence of the word "sell" implies that "convey" is used only as a word of limitation in connection with the division of the real estate in kind required by the sixth item of the will, in order to further assure the title in pursuance of the division when made.

The words "in their discretion" imply that the necessity or expediency of such sale, in order to carry out any of the provisions of the will, is a matter reposed wholly in the judgment of the executors.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This case involves the construction of the will of Thomas Suffern.    And the question is, whether the persons named in the will as executors and trustees have power, under its provisions, to sell real estate which belonged to testator, and convey title thereto.    On the one side it is contended that the will confers ample power, but it is denied on the other.    If the power claimed exists, it is derived from the sixth, ninth and tenth clauses of the will.    This is the sixth:

"Sixth—All the residue of my estate, real and personal, divided into as many equal portions as I shall leave children and issue collectively of any deceased child, me surviving, I give and devise as follows: one of said equal portions I give and devise to the issue collectively of each of my children who shall have died during my life, leaving issue, to have and to hold to such issue in fee simple absolute; one other of said equal portions I give and devise to the persons hereinafter appointed as trustees for each of my children living at the time of my death, to have and to hold such portion of each child in severalty in trust during the life of such child, and to receive the rents, issues and profits thereof during such life, and to apply the same to the use of such child during her life, and after the death of each of my children, I give the portion so held in trust for her to her heirs at law, subject, however, to the power to such child to devise, hereinafter contained."

The property spoken of in this clause is what should remain after specific devises and provisions made for his wife, but she having died before him, such devises and provisions are not involved in this suit. The ninth clause is this:

"Ninth—I empower and direct my executors, as soon after my decease as may be done, to make division of all my estate, provided for in the sixth item of this my will, into as many equal parts as I shall leave children and issue of deceased children, me surviving (one part, however, for the issue collectively of each deceased child as representing their deceased parent), and having made such division, I direct my said executors to allot and distribute the several equal parts by writing under their hands and seals among the persons entitled thereto, that is to say, one of such several parts to the issue collectively of each of my deceased children, and one other of such several parts to the trustees for each of my surviving children. To have and to hold to such trustees, and after the termination of the trust, to the persons entitled, according to the provisions of this my will before contained."

And the tenth clause declares that:

"Tenth—For the purpose of carrying out any of the provisions of this my will, I give to my executors hereinafter appointed, full power and authority to convey in fee simple absolute, or otherwise, in their discretion, all or any portion of my real estate, and to execute and deliver all proper deeds and instruments in writing therefor."

It is claimed by the executors and trustees, that they, for the purpose of the division required by the sixth and ninth clauses, are endeavoring to exercise the power conferred on them by the tenth.

The doubt whether the executors may sell and convey arises from the fact that, by the tenth clause, testator only empowers them to convey in fee simple absolute, or otherwise, in their discretion, all or any part of his real estate. In terms they are not authorized to sell real estate, but to convey it. There would seem to be but two purposes of conveying it. One, after a division is made, to vest the title of the share of each devisee in him or her,—and the other, to sell all, or a portion, of his real estate, to enable the executors to make a better and fairer division.

By the sixth clause, he requires his property to be divided between his children and the children of a deceased child or children,—and he so devises it. But in this clause he empowers or requires no one to make the division. But in the ninth clause he empowers and directs his executors to make the division required by the sixth clause,—and when thus divided to allot and distribute the several equal parts by writing, under their hands and seals, to the persons entitled thereto. Thus it is seen, that the power to convey to the devisees so as to vest their several shares in each of them, is fully conferred by this ninth clause. It could not, therefore, have been intended by the tenth clause to confer this power. That clause must, therefore, have been inserted for another and different purpose.

17—98 ILL.

Testator says the power given in the tenth clause is to enable them to carry out any of the provisions of the will. It was not, as we have seen, to carry out the provision contained in the sixth clause, as that had been provided for in the ninth, specifically, and without discretion, whilst the power in the tenth is declared to be discretionary. Then the only purpose of the tenth clause was to give his executors full discretionary power to convey any or all of his real estate, as it says, when in their judgment it would be for the interest of the estate and the devisees. He knew that portions of it were unproductive and liable to the heavy burthens of taxation and expense, and if such portions should be allotted to his daughters to be held in trust during their lives, it would not be desirable. Or, if a fair and equal division was impracticable, he no doubt intended his executors, if they thought it best, to sell and convey such portion as would be advantageous to his estate and to the devisees. But be his reasons what they may, he conferred the power, and that suffices.

The power to convey, by all proper deeds and instruments in writing, undeniably implies the power to sell. If, as authorized, they were to convey in fee simple absolute, they would pass the title. And when so conveyed, there would virtually be a sale. We, upon an examination of the entire will, find nothing repugnant to an exercise of the discretionary power of the executors to sell and convey any portion of the real estate for any of the purposes of the will. If they, as trustees, think it wise, in performing the duties of the trust, to sell any portion of the estate, we see no want of authority; and must hold it is conferred by the tenth clause of the will.

The decree of the Appellate Court is affirmed.

*Decree affirmed.*