ARTHUR M. GOODRICH

*v.*

NANCY E. GOODRICH *et al.*

*Opinion filed December 20, 1905—Rehearing denied Feb. 21, 1906.*

PARTITION—*when bill for partition and accounting will not lie.* Where a testator leaves his estate, real and personal, to his widow, to be "paid or divided" among his children equally, as she may deem best, the children are not entitled to any portion of the estate until the widow exercises her power of appointment, and they cannot maintain against her a bill for partition and an accounting of rents and profits.

APPEAL from the Circuit Court of Woodford county; the Hon. G. W. PATTON, Judge, presiding.

BARNES & MAGOON, and JAMES A. RIELY, for appellant.

HARRY THOM, and THOMAS KENNEDY, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was a bill for partition filed by the appellant in the circuit court of Woodford county. The bill alleges that Caleb W. Goodrich died in May, 1889, leaving Nancy E. Goodrich, his widow, Frank H. Goodrich, Ellen A. Goodrich and Annette N. Clark, appellees, and Arthur M. Goodrich, the appellant, his children. He died possessed in fee simple of 240 acres of land in Woodford county, which land is the subject of controversy in this suit. He left a last will and testament, which was executed in 1869 and was ad-

mitted to probate shortly after his death. Aside from the formal portions of the will and a clause appointing Nancy E. Goodrich executrix, his will consisted of but one clause, which reads as follows:

"I give and bequeath to my wife, Nancy E. Goodrich, all the real estate and personal property of what nature or kind soever, to be by her paid or divided equally between my four children, namely, Frank H. Goodrich, Arthur M. Goodrich, Nettie L. Clark and Ellen A. Goodrich, as she may deem best for each of those children. Said Nancy E. Goodrich having .power to sell and dispose of any and all my property in my possession at the time of my death for the payment of my just debts, provided that no part of my real estate be sold at public auction until after three years after my decease."

The widow never qualified as executrix, the estate never was administered, and the widow is still living but has never executed the power conferred upon her by the will to divide the property owned by the deceased among the four children. The bill was an ordinary bill for partition, by which it was sought to have the dower of the widow set off to her and the lands divided among the four children named in the will, and praying for an accounting for rents and profits.

The defendants below filed a general demurrer to the bill, which was sustained at the April term, 1904, of the circuit court. At the September term, 1904, the complainant moved to amend the bill by amplifying the statements thereof with reference to rents and profits, which amendment the court refused to allow and dismissed the bill for want of equity. The complainant appealed to this court. Error is assigned upon the action of the court in sustaining the demurrer, in refusing to allow the amendment and in dismissing the bill.

We consider much of the argument and many of the authorities presented by the solicitors for the respective parties inapplicable in this case. An inspection of the will and

a consideration of the facts set up by the bill lead us to conclude that the demurrer was properly sustained, and that the proposed amendment, if allowed, would still leave the bill, as amended, obnoxious to a demurrer.

Evidently the testator, Caleb W. Goodrich, took into consideration the fact that when the time arrived at which his property was to be divided among his four children, while each was to have the one-fourth part thereof in value, still the conditions then surrounding his children might be such that certain portions of the property would be better adapted to the use of certain of his children than would other portions thereof. Whether or not this should be true the widow was to determine and make payment and division accordingly.

The case of *Robison* v. *Botkin,* 181 Ill. 182, is similar in principle to the one at bar, and the reasoning of the court in that case warrants the conclusion that the appellant's bill is without merit.

Until the widow exercises the power of appointment given her, either voluntarily or in accordance with the adjudication of a court of competent jurisdiction, the children are not entitled to any portion of the property left by the father, unless, indeed, the widow should die leaving the power unexecuted.

The only proposition which we now decide is, that a bill for partition and accounting for rents and profits would not lie at the time this proceeding was commenced. No other question is now before us, as this is not a bill seeking a construction of the will.

The decree of the circuit court will be affirmed.

*Decree affirmed.*