(No. 474—)

HONORE PALMER AND POTTER PALMER, INDIVIDUALLY AND AS EXECUTORS OF AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF BERTHA HONORE PALMER, Deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 28, 1929.*

*Rehearing denied May 9, 1929.*

WINSTON, STRAWN & SHAW, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On May 5, 1918, Bertha Honore Palmer, a resident of Chicago, Illinois, died testate. On July 24, 1918, letters testa-

mentary were issued to claimants as executors of her last will by the Probate Court of Cook County. Thereafter proceedings were had, as provided by the Inheritance Tax Act, to determine the amount of inheritance tax due, and on November 4, 1918, the county judge of Cook County made and entered an order fixing the inheritance tax at the sum of $276,509.04. On the same day the order fixing the amount of the tax was entered claimants paid the county treasurer of Cook County $262,683.59, being the amount of the tax found due less the 5% discount allowed by the statute for payment thereof within six months of the death of deceased. After the payment of the tax claimants appealed from the order of the county judge, fixing the amount of tax due to the County Court of Cook County. On October 29, 1920, while this appeal was still pending and undisposed of claimants filed their declaration in this court praying "that an order may be entered herein finding that no transfer, inheritance tax, or succession taxes were due and payable to the State of Illinois, by reason of the death of Bertha Honore Palmer, deceased, and that this court enter a further order herein awarding to your petitioners payable out of the treasury of the State of Illinois, the said sum of $262,683.59, together with interest thereon according to law to be computed from the fourth day of November, A. D. 1918, to the date of the repayment of such sum to your petitioners", etc. The grounds upon which this court was asked to grant the relief prayed for were that under the provisions of the will of deceased no tax was due, that the Inheritance Tax Act was unconstitutional, that the appraiser erred in his findings and report, and the county judge erred in approving the findings and report of the appraiser and fixing any tax as due and payable.

It is apparent that this court acquired no jurisdiction of the cause by the filing of the original declaration. The Court of Claims does not have appellate jurisdiction in any case. Neither does it have original jurisdiction to determine whether or not an inheritance tax is due the State, or to fix the amount of such tax that is due. Original jurisdiction in all inheritance tax matters is given to the county judges and county courts.

It is obvious that claimants paid the tax before taking their appeal voluntarily. They were not required to pay it

in order to perfect their appeal, there being no provision in the statute requiring the payment of the tax as a condition of the appeal. It is a familiar rule of law that a tax voluntarily paid, though illegal, can not be recovered back. (*Davis v. Board of Education,* 323 Ill. 269; *School of Domestic Arts v. Harding,* 331 Ill. 330.) Having paid the tax voluntarily claimants were not entitled to have it returned to them.

The appeal was not finally disposed of until July 27, 1928, on which date an order was entered by the County Court of Cook County fixing the amount of the tax due at $170,699.05. Thereafter, on September 25, 1928, claimants filed their amended declaration asking for an award of $100,519.49, being the amount they claim they paid in excess of the tax finally determined to be due. The order of the county judge entered November 4, 1918, was valid and binding until reversed or modified on appeal, and claimants had no right to demand the return of any of the tax paid under that order until the appeal was disposed of. It was a voluntary payment made for their own benefit, and they cannot be heard to ask for its return on the ground that it was illegally assessed.

The Inheritance Tax Act is a code covering the whole subject of such taxes,—their assessment, payment, and the method of securing the refund of taxes erroneously paid. Sections 8 and 10 of the Act provide the methods of having taxes erroneously paid refunded. If claimants can bring themselves with the provisions of those sections they have a forum where their cause can be heard. This court has no jurisdiction to decide cases provided for by those sections.

The award is therefore denied and the cause dismissed.

On May 9, 1929, upon petition for rehearing the following additional opinion was filed:

Per Curiam: This cause coming on for rehearing upon petition of claimant filed on April 20, 1929. After argument of counsel, and the court having sufficiently reviewed the matter brought upon said petition and that it appearing that said petition should be denied,

It is therefore considered by the court, that the said petition be, and the same is hereby denied.