(No. 26197.—

CHRISPINO PAPA, Appellant, *vs.* ANTONIO PAPA *et al.*— (ANTONIO PAPA, Appellee.)

*Opinion filed September 17, 1941.*

MICHAEL F. ZLATNIK, and ROBERT G. PHELPS, for appellant.

NICHOLAS A. POPE, and RICHARD E. DOOLEY, for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county which construed the will of Federico Papa, deceased. He died in 1909 leaving surviving Rosaria Papa, his widow, three sons, two daughters and certain grandchildren, children of a deceased child, as his heirs-at-law.

The controversy is as to the interest Rosaria Papa took under the will in certain real estate. The will first directed the payment of debts. The material parts are as follows:

"I give, bequeath and devise my estate and property as follows: that is to say, an undivided one-half interest" [then follows the legal description of several lots located in Cook county.]

"My will is that my wife Rosaria Papa, during such time as she shall remain my widow, the whole interest and produce of the premises when as the same accrues and shall be received, shall apply to the comfortable maintenance of my said wife." [Various personal bequests not material here were made to certain beneficiaries.]

"To my three sons Antonio, Chrispino and Raffaele, I give, bequeath and devise equally among themselves all the real estate, moneys and personal property wheresoever it may be found and whatsoever it may consist, to hold to them and their heirs forever."

The will was probated in 1909 and administration of the estate closed in 1911. The case was submitted on the complaint and answer. From the pleadings it appears that soon after the death of testator, plaintiff, acting for and on behalf of Rosaria Papa, began managing the property and collecting the rents and continued to do so until April, 1930. At the termination of the plaintiff's agency, appellee Antonio Papa became the agent of Rosaria Papa in the management of the property and continued in that capacity until the beginning of the instant suit. In 1940, plaintiff filed this suit for construction of the will, claiming Rosaria

Papa did not take under the will, that the provision made in the will for her was inoperative for the reason that it was repugnant and in conflict with the clause which devised and bequeathed the real estate and personal property to the plaintiff and his two brothers.

Plaintiff alleges the widow took only a dower interest. It is also alleged that during plaintiff's representation of Rosaria Papa in the management of the property he placed the rents received in a special trust fund and, at the termination of his trust, he delivered all of said money to appellee, Antonio Papa. The prayer is that Antonio Papa be declared a trustee of the fund and be required to account to plaintiff and other beneficiaries under the will for all money received from plaintiff at the termination of his agency, and also that which was collected subsequent to April, 1930.

The chancellor construed the will as giving Rosaria Papa a life estate in the property. Such construction disposed of plaintiff's claim for an accounting. He appealed directly to this court. A life estate being involved, this court has jurisdiction of such appeal. Plaintiff's right to an accounting was dependent upon the construction of the will. Although any interest Rosaria Papa had in the lots terminated by her death, which occurred during the pendency of this appeal, the question of what that interest was remains in the case, for back of it lies the answer to plaintiff's claim for an accounting.

The fundamental rule in construing wills is to ascertain the intention of the testator from a consideration of the whole will, and such intention must be given final effect if not in conflict with an established rule of law or of public policy. (*Brumsey* v. *Brumsey,* 351 Ill. 414; *Heitzig* v. *Goetten,* 347 id. 619; *Dahmer* v. *Wensler,* 350 id. 23.) The whole scope of the will must be considered and every provision given due weight to ascertain the plan of the testator in the light of the facts and circumstances sur-

rounding him, his family and property at the time the will was made. (*Sartain* v. *Davis*, 323 Ill. 269; *Johnson* v. *Boland*, 343 id. 552.) The intention must be gathered from the language of the entire will and considered as a whole, and not by extracting therefrom certain language without regard to its relation to the balance of the will. (*Halderman* v. *Halderman*, 342 Ill. 550.) A technical construction of words and phrases will not be carried to the extent of defeating the obvious general intention of the testator, and this intention will be given effect even though the language may not be clear or technically correct. (*Pollock* v. *Pollock*, 328 Ill. 179; *Johnson* v. *Askey*, 190 id. 58; *Jordan* v. *Jordan*, 274 id. 251; *Black* v. *Jones*, 264 id. 548.) Where one construction of a will renders a portion of it meaningless and another gives effect to all the words used, the latter should be adopted. (*Walker* v. *Walker*, 283 Ill. 11.) Where there is an irreconcilable repugnancy between two clauses in a will, the latter must prevail as being the last expression of the testator's intent (*Liesman* v. *Liesman*, 331 Ill. 287) but the court will, if possible, harmonize apparently inconsistent or repugnant clauses or provisions of the will so as to give effect to each in accordance with the testator's general intention. The rejection of one clause to uphold another is said to be a desperate remedy, and all parts of the will must be given effect, if possible. (*Dickison* v. *Dickison*, 138 Ill. 541.) Repugnant words or clauses, in whatever portion of the will they occur, which contravene the evident general purpose and intention of the testator as clearly expressed, may be rejected or transposed, or limited and controlled by other and prior provisions, and by the general purpose and intent thus clearly manifested. *Dickison* v. *Dickison, supra; Holliday* v. *Dixon*, 27 Ill. 33.

Applying these rules of construction to the will in question, we find that the intent of the testator can be ascertained and effect given to each of the clauses of the will. There can be no question but what the testator in-

tended that Rosaria Papa, if she survived him, should receive the life use of the real estate subject to being defeated if she should remarry and that she should not receive any interest in the personal property. The three sons were to receive "all the real estate, moneys and personal property wheresoever it may be found and whatsoever it may consist." These terms are broad and comprehensive and were evidently used by the testator in the sense of a residuary clause, meaning thereby to give to the three sons all the real estate subject to the interest of Rosaria Papa and all the money and personal property less the specific bequests already made. No other reasonable construction can be given to this will when read in its entirety.

The widow as a life tenant had the right to receive all the rents, issues, income and profits during her life or widowhood. Neither the plaintiff nor his co-tenants had any right to an accounting of any of the rents received by her during the continuance of her estate.

Plaintiff contends the decree should be reversed and the cause remanded for the allowance of solicitor's fees, the same to be taxed as costs. He made no request for the allowance of fees in the lower court and consequently that question has not been passed upon. This court has no jurisdiction to determine or pass upon the right to have solicitor's fees taxed as costs where such question has not been adjudicated by the trial court. (*Ingraham* v. *Ingraham,* 169 Ill. 432.) A decree otherwise correct will not be reversed and the cause remanded for the sole purpose of permitting application to the trial court to ask for the allowance of solicitor's fees.

The decree of the superior court is correct, and is affirmed.

*Decree affirmed.*