Roland Smith, Plaintiff-Appellant, v. Ruth Rekeweg
et al. and Spencer Hopt, Executor of Last Will and
Testament of Anna Hopt, Deceased, Defendants-
Appellees.

Gen. No. 9,953.

Opinion filed October 19, 1954. Released for publication November 4, 1954.

COSTIGAN, WOLLRAB & YODER, of Bloomington, for appellant.

L. C. SIEBERNS, of Gridley, Iowa, for appellees; WILMER D. REKEWEG, of Paulding, Ohio, of counsel.

MR. PRESIDING JUSTICE CARROLL delivered the opinion of the court.

This is an action brought in the circuit court of McLean county to construe the will of Anna Hopt, deceased. The portion of the will involved in the proceeding is the Seventh or residuary clause thereof, which reads as follows: "SEVENTH: It is my Will that the rest, residue and remainder of my Estate of every kind and character shall be devised as follows: To Alta Larkin, I give, devise and bequeath One-Seventh (⅐) of the said rest, residue and remainder; to Francis Melvin Hopt, I give, devise and bequeath One-Seventh (⅐) of the said rest, residue and remainder; to Grace Kinsella, I give, devise and bequeath One-Seventh (⅐) of the rest, residue and remainder; to Madeline Heller I give, devise and bequeath One-Seventh (⅐) of the said rest, residue and remainder; to Spencer Hopt, I give, devise and bequeath One-Seventh (⅐) of the rest, residue and remainder; to Vernon Hopt, I give, devise and bequeath One-Seventh (⅐) of the rest, residue and remainder; *and to the children of Anna Morisy and to my great-nephew, Roland Smith, I give, devise and bequeath the rest, residue and remainder, said Roland Smith, my great-nephew and the children of Anna Morisy to share equally in the One-Seventh (⅐) share.* By the above devises and bequests it is my Will that my Estate be divided into 7 equal parts and that aforesaid legatees and devisees shall share in the One-Seventh (⅐) part as aforesaid. In the event that any of the aforesaid devisees and legatees should pre-

decease me it is my Will that they shall inherit their parents share." Italics are added for emphasis.

From the record it appears that plaintiff, Roland Smith, was a grandnephew of decedent, being a son of Rosella Smith, deceased, a daughter of Peter Hopt, a predeceased brother of Anna Hopt, the testatrix, and that the defendants, with the exception of Spencer Hopt, the executor, being 12 in number, and referred to in the will as the children of Anna Morisy, were grandnieces and grandnephews of decedent, being children of Anna Morisy, a predeceased daughter of Peter Hopt, a predeceased brother of the testatrix. We will refer to these children herein as the defendants.

By its decree the court below held that the testatrix intended that the plaintiff and the 12 children of Anna Morisy, the defendants herein, should share equally in a one-seventh part of her residuary estate and ordered distribution to be made accordingly.

From this decree the plaintiff has appealed, contending that under a proper construction of the will he is entitled to receive one-half of the one-seventh part of the residuary estate, and that the remaining one-half of such one-seventh part should be distributed equally between the defendants. In other words, the plaintiff contends for a distribution *per stirpes.*

It is the contention of the defendants that the use of the phrase "said Roland Smith, my great-nephew and the children of Anna Morisy to share equally in the One-Seventh (⅐) share" indicates a clear intention on the part of the testatrix to make a *per capita* distribution of the one-seventh share between the plaintiff and the defendants.

██ In resolving the issue presented by the contentions of the parties, the court is required to follow certain established rules applicable to the construction of wills. Foremost among such rules is that the court's

353

primary duty is to ascertain the intention of the testator as expressed in the will. As aptly stated by the Supreme Court in *Barnhart v. Barnhart,* 415 Ill. 303: "In construing a will the question for determination . . . is not what the testator meant to say, but rather what he meant by what he did say."

When the intention of the testator has been ascertained, it will be given full effect unless doing so would violate some rule of law or be contrary to public policy. *Barnhart v. Barnhart, supra; Vollmer v. McGowan,* 409 Ill. 306. Equally important as the foregoing is the requirement that rules of construction must not be employed to defeat the intention of the testator as expressed in his will. *Harris Trust and Savings Bank v. Jackson,* 412 Ill. 261; *Papa v. Papa,* 377 Ill. 316.

In the instant case the duty devolving upon the court is that of determining whether the testatrix meant by what she said in the seventh clause of her will to give plaintiff one-half of a one-seventh share in her residuary estate or to give him a one-thirteenth of such one-seventh share.

Admittedly the will under consideration is simple in its language and composition, and when the entire seventh clause thereof is considered as a whole, it cannot be said to present any question of ambiguity. After making certain specific bequests, the testatrix directed her residuary estate to be divided into seven shares. To each of six named persons she gave one of the seven shares. None of these six persons are identified, either by relationship to the testatrix or in any other manner. After thus disposing of six-sevenths of her residuary estate, the testatrix said "and to the children of Anna Morisy and to my great-nephew, Roland Smith, I give, devise and bequeath the rest, residue and remainder . . ." Repetition of the words

354

"and to" is significant in that it indicates the testatrix regarded the plaintiff and defendants as separate takers and not collectively. However, the feature of the language of the seventh clause, which we believe clearly indicates the testatrix's intention is the fact that it identifies the plaintiff by name while it refers to the defendants only as the children of Anna Morisy. So far as the language of the testatrix is concerned, the defendants are not identified as twelve individuals, but as the children of a certain person. Confirming the theory that the testatrix intended that the defendants should take as a class or *per stirpes* is the sentence of the seventh clause which reads as follows: "By the above devises and bequests it is my will that my Estate be divided into 7 equal parts and that aforesaid legatees and devisees shall share in the One-Seventh ($\frac{1}{7}$) part as aforesaid. In the event that any of the aforesaid devisees and legatees should predecease me it is my Will that they shall inherit their parents share." There can be no question as to the testatrix' intention to name the plaintiff as a legatee or devisee. He is designated as "Roland Smith, my great-nephew." The defendants are designated not by name, but as "the children of Anna Morisy," and therefore, as such, are one of the "Aforesaid legatees and devisees." No reference to the defendants as individual persons can be found in the will. It seems clear and beyond doubt that the testatrix by the language employed meant to give plaintiff one-half of a one-seventh part of the residue of her estate and to give the other one-half thereof to the defendants.

 Finding a precedent for the determination of the intention of a testator in a given case is an impossible task. As the court said in *Barnhart v. Barnhart, supra:* "Because, as we have often noted, no two wills are ever exactly alike, precedents in other will cases

are never of controlling importance in determining the intention of the testator as expressed in the particular will under consideration."

 However, the reasoning followed by the courts in construing wills which present situations analogous to that found in the case at bar may be adopted to advantage. In the case of *Dollander v. Dhaemers,* 297 Ill. 274, the court held that where the testator after giving a life use of all his property to his wife, provided that at her death it shall be divided "share and share alike" among his children (naming them) and the children of a deceased daughter (without naming them), the children of the deceased daughter would take *per stirpes* and not *per capita,* as the reference to the grandchildren as a class indicated an intention on the part of the testator that they should represent the deceased daughter. Observing that the authorities as to the construction of wills providing for a division of property between children of a testator and unnamed children of his deceased child, are in hopeless conflict, the court expressed the view that when a bequest is to an individual and to others as a class, the latter generally take *per stirpes,* but that such rule yields when the testator's language indicates an intention that the members of the class share equally with the named individual. Citing its decision in numerous prior cases, the court voiced the conclusion that "When the words 'equally,' 'equal among,' 'share and share alike,' or other similar words, are used to indicate an equal division among a class, the persons among whom the division is to be made are usually held to take *per capita* unless a contrary intention is discoverable from the will."

In *Murphy v. Fox,* 334 Ill. App. 7, the court was called upon to construe a will in which the testator directed the executor "to divide the remainder of my

356

estate after such conversion equally between my two sisters above named and my living nieces and nephews." It is to be noted that the testator there directed an equal division of a portion of his estate between two sisters and other persons referred to as nieces and nephews. In its opinion, this court reviewed at length the authorities bearing upon the question whether there is any fixed rule of construction which may be applicable to all cases in determining whether a testator intended distribution to be made *per capita* or *per stirpes*. The conclusion there reached was substantially in effect that no rule of construction may prevail against the manifest intention of the testator as gathered from the entire will, and that the testator by the language used indicated an intention to treat his nieces and nephews as a group separate and apart from his two sisters. Accordingly, the court construed the will as giving one-half of the residuary estate to the two sisters and as dividing the remaining one-half among the testator's nieces and nephews. The reasoning followed by this court in construing the language used by the testator in that case may, with propriety be followed in the instant case.

Consideration of the seventh clause of the will involved in the instant case in its entirety, seems to unmistakably indicate that the testatrix thought of the defendants as representing Anna Morisy, while she remembered the plaintiff in his own right as her great-nephew. The expressed intention of the testator as ascertained from the language employed in the will must prevail. We therefore are of the opinion that the testatrix intended that plaintiff should receive one-half of the one-seventh share of the residue of her estate, and that the remaining one-half thereof should go to the defendants.

357

The decree of the circuit court of McLean county is reversed and the cause remanded to that court with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded with directions.*