(No. 22716.—

ALIDA E. BARTLETT *et al.* Appellants, *vs.* THE MUTUAL BENEFIT LIFE INSURANCE COMPANY *et al.* Appellees.

*Opinion filed December 20, 1934.*

SCHNEIDER & SCHNEIDER, for appellants.

ASA S. CHAPMAN, GREEN & PALMER, and McCALMONT, RAMSEY & LITTLE, (WILLIAM G. PALMER, and ORIS BARTH, of counsel,) for appellees.

Per CURIAM: Alida E. Bartlett, Eugene A. Farley and Edmur P. Farley filed in the circuit court of Ford county an amended bill to construe the will of Isaac P. Farley and to quiet the title to certain land in the complainants. Delos P. Farley and Adelia N. Farley, his wife, the Mutual Benefit Life Insurance Company of Newark, New Jersey, George VanVoorst and H. M. Stone, trustees, Fannie Moroff, the Trevett Mattis Banking Company, a corporation, Ward Downs, Berdella Farley and Elnora F. Lorenzen, were made parties defendant. General and special demurrers were filed to the amended bill by the Mutual Benefit Life Insurance Company, Fannie Moroff and Elnora F. Lorenzen, which were overruled, and these three defendants thereafter filed their separate answers. The other defendants were defaulted. The matter was referred to a master in chancery, but he did not hear evidence, the facts which are the basis of the suit having been embodied in a stipulation, which constitutes the evidence in the case, with the exception of certain testimony upon a motion for the allowance of solicitors' fees. The chancellor having considered the pleadings, the stipulated facts and the arguments of counsel, entered a decree in favor of the defendants and denied the motion for solicitors' fees. From the decree and the order denying solicitors' fees an appeal has been prosecuted to this court.

Isaac P. Farley died testate in Cook county in 1892, leaving surviving him his widow, Belinda E. Farley, and three sons, William K., Delos P. and Eugene V. Farley. Belinda E. Farley died in 1893. William K. and Eugene V. Farley died subsequent to the death of their mother. William K. Farley was survived by a daughter, Elnora F. Lorenzen, and Eugene V. Farley by a daughter, Berdella, as their only heirs-at-law. Delos P. Farley is still living and the appellants are his children.

At the time of his death Isaac P. Farley owned some personal property, which is not here involved, and land in Ford and Cook counties, hereinafter mentioned. By his will the testator provided for the payment of his debts and funeral expenses and bequeathed to each of his sons $400, to be paid from the proceeds of his personal property within two years after his death. He bequeathed to his wife all his household goods, pictures, wardrobe, carriage horse and harness, cutter and cows. He also gave her the use and income of the balance of his estate, both real and personal, as long as she should remain his widow. If she re-married she was to receive one-third of his estate for the remainder of her life. The bequests to her are recited to be "in lieu of widow's award." The fifth paragraph of the will, which requires our consideration, is as follows: "I give, devise and bequeath to my son William K. Farley and my son Delos P. Farley and my son Eugene V. Farley or their bodily issue the remainder of my estate, both real and personal, to be divided according to the laws of the State of Illinois." The will named the testator's wife executrix and his three sons as her successors, without bond.

The will was admitted to record in the probate court of Cook county on October 27, 1892. An inventory of the estate was filed in that court and approved on November 29, 1894, showing the ownership by the deceased of a lot improved with a three-story brick building in Chicago, unencumbered, of the value of $5000, and three tracts of

land, of 320 acres, 160 acres and 80 acres, in Ford county, free from encumbrances, of the values, respectively, of $11,300, $5500 and $5000. Personal property of the value of $2742.82 was inventoried. While the estate was in the course of probate the three sons made a mutual partition of the real estate devised to them. They executed deeds in pursuance thereof, in one of which William K. and Eugene V. Farley and their wives conveyed to Delos P. Farley their interest in 320 acres of land in Ford county, described as the west half of section 23, in township 29. In another deed Delos P. and Eugene V. Farley conveyed to William K. Farley their interest in a tract of 240 acres in Ford county, and in the third deed William K. and Delos P. Farley conveyed to Eugene V. Farley their interest in certain other land in that county. The tract described in the first mentioned deed is the only land involved in this proceeding. Delos P. Farley entered into possession of the land conveyed to him. He executed mortgages at various times upon the northwest and southwest quarters of section 23 separately, and foreclosure proceedings resulted in the ownership of the entire farm being transferred to the Mutual Benefit Life Insurance Company and Fannie Moroff. No interest of any other defendant was acquired previous to the execution of the three deeds above mentioned.

The appellants claim that by the fifth paragraph of the will the testator intended to make them devisees, and they seek a construction of the will which will give it that meaning, and therefore, they contend, the bill was necessary to remove clouds upon their title. The appellees contend that the will is clear and requires no construction, and that there is no basis for the interest claimed. A court of equity will not assume jurisdiction of a bill to construe a will which is neither ambiguous nor uncertain, where there is no equitable estate to be protected or equitable right to be enforced. The court does not acquire jurisdiction to construe a will merely by allegations that a question requir-

ing construction exists, when the record shows that there is no such question. (*Carlberg* v. *State Savings Bank and Trust Co.* 312 Ill. 181; *Greenough* v. *Greenough,* 284 id. 416; *Warren* v. *Warren,* 279 id. 217; *McCarty* v. *McCarty,* 275 id. 573.) Unless it appears that the will is ambiguous the second ground for equitable intervention urged does not exist, for if the will is clear the appellants obtained nothing under it.

The language in paragraph 5 of the will which it is contended is ambiguous and requires construction is the clause, "or their bodily issue the remainder of my estate, both real and personal, to be divided according to the laws of the State of Illinois." It is contended that the word "or" should be read as "and." Unless the context of the instrument shows that the testator clearly intended that the word "or" should receive the meaning of "and" it will be given its ordinary meaning. (*Pearson* v. *Olson,* 310 Ill. 252; *Straw* v. *Barnes,* 250 id. 481.) At the time of his death the most natural and direct objects of the testator's bounty were his wife and three sons. He made provision for his wife's maintenance and comfort during her life by the gift of certain personal property absolutely and the income from the entire estate. He made specific bequests to his sons, and no other persons were named. At the time of making his will the testator's sons were living, but if any should die leaving issue it would be natural for the testator to provide for them and divide the estate according to the laws of the State, as the will states. The first paragraph of section 1 of the chapter on descent (Cahill's Stat. 1933, p. 1099; Smith's Stat. 1933, p. 1121;) provides that estates, both real and personal, shall descend to the children and their descendants in equal parts, the descendants of a child or grandchild taking the share of the deceased parents in equal parts among them. The use of the word "or" in its ordinary disjunctive sense in paragraph 5 expresses that intention. That paragraph disposes of the

residue of the estate, and nothing in any other part of the will modifies or changes the natural meaning of the language used in it. Construed alone or in the light of the entire will the meaning of the paragraph is clear and unambiguous. The intention of the testator, when clearly expressed, must be given effect in preference to any surmise that he did not mean what he said or intended what he said to mean something else. *Heitzig* v. *Goetten,* 347 Ill. 619; *Foss* v. *State Bank and Trust Co.* 343 id. 94.

Counsel for appellants have cited cases in which the word "heirs" and the phrase "or their heirs," "or their bodily heirs," are used, in support of the contention that the word "or" should be given the meaning of "and." The word "heirs" is a technical word with a fixed legal meaning. (*Potter* v. *Potter,* 306 Ill. 37.) Heirs exist from the death of an ancestor, while issue are designated as such from the time of their birth. Though the words are sometimes used interchangeably or synonymously in a will, it is only when the context of the will requires it that they are so construed. The cases cited in which the word "heirs" appears are not controlling, because the context of the will of Isaac P. Farley does not require that the word "issue" have any other than its natural meaning.

The allowance of solicitors' fees is only proper when the construction of a will is necessary. (*Schneller* v. *Schneller,* 356 Ill. 89; *McCormick* v. *Hall,* 337 id. 232; *Brumsey* v. *Brumsey,* 351 id. 414.) Where a bill is not filed to obtain a construction or direction relating to any provision of the will or to aid in any way in determining its effect but only to enforce a supposed interest of the complainant by a construction which would give him the property, the fees of the complainant's solicitor should not be allowed by the court. (*Power* v. *Power,* 296 Ill. 611.) The will in question did not require construction, and the suit was not instituted to secure a direction by the court but was instituted only for the purpose of attempting to enforce a supposed

interest of the complainants almost forty years after the death of the testator. The motion for the allowance of solicitors' fees was properly denied, as the will required no construction.

The decree is reversed and the cause is remanded, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*