(No. 28068.—

Mary S. Appleton *et al.,* Appellants, *vs.* Leland B. Rea *et al.,* Appellees.

*Opinion filed January 17, 1945.*

D. R. KINDER, of Litchfield, and OMER POOS, of Hillsboro, for appellants.

GEORGE A. HALL, of Litchfield, and OTTO E. FUNK, of Hillsboro, for appellee Leland B. Rea; H. B. TUNNELL, of Litchfield, for appellee The Litchfield Bank and Trust Company, Exr.

Mr. JUSTICE GUNN delivered the opinion of the court:

Alice E. Fearn died testate leaving, with other property not here involved, a part of lot 1, and all of lot 2, in block 29 in the original Town of Litchfield. The fifth clause of her will reads: "I give and devise unto my grandson Leland B. Rea * * * also my brick building and ground upon which it is situated in Lot One (1) in Block Twenty-nine (29) of the original Town, now City of Litchfield, in Montgomery County, Illinois." The sixth clause of the will reads: "I give and devise unto Mary S. Appleton, widow of my deceased son, Edward Appleton, for and during her natural life the two buildings which I own, and the real estate upon which the same are situated on Lot Two (2) in Block Twenty-nine (29) of the original Town, now City of Litchfield; * *. * with the remainder in fee simple in all the real estate described in this clause to my grandchildren, Henry Appleton, Mary E. Appleton and Robert Appleton, in equal parts among them." The brick building mentioned in the fifth clause was not located on lot 1 but upon lot 2, with also another building consisting of a frame house. The building located on lot 1 was a concrete structure with sheet-iron siding. The value of the brick building was about $6800, and that of the concrete building about $1900.

Mary S. Appleton and the other devisees named in the sixth clause filed a complaint in the circuit court of Mont-

gomery county to construe the will by striking out of the description of the building contained in the fifth clause the word "brick," as a word of false description which rendered the will ambiguous. Leland B. Rea filed an answer and counterclaim asking the construction of the will by striking out of the fifth clause the words "in Lot One (1)," and by rejecting in the sixth clause "on Lot Two (2)." The court entered a decree sustaining counterclaimant, construing the part of the fifth clause here involved so as to read: "Also my brick building on the ground upon which it is situated in Block Twenty-nine (29)," and construing part of the sixth clause here involved so as to read "the two buildings which I own and the real estate upon which the same are situated in Block Twenty-nine (29)."

It thus appears the trial court eliminated from the will all legal description of the lots, leaving only the description of the buildings, so that the result was that the appellee Rea, by so reforming the will, received the brick building and part of lot 2, and the Appletons received the frame and concrete buildings located partly on lot 1 and partly on lot 2. Mary S. Appleton and her children appealed from this decree to this court.

The controversy revolves around the manifest ambiguity created by the provision of the will which gives Rea the brick building and the ground upon which situated "in Lot One (1)," whereas the brick building is situated on lot 2. Over the objection of appellants the court received oral evidence the testatrix intended to give to appellee Rea the premises with the brick building, upon the theory that a latent ambiguity was disclosed, when the evidence showed the brick building was not upon lot 1. The court having received this evidence, the decree resulted which disposed of the two properties in question contrary to the legal description contained in the will, and without any evidence to show the testatrix intended the appellants to not receive the two buildings and premises located on lot 2. It would

appear the explanation of the latent ambiguity which arose by describing the brick building as upon lot 1 was allowed to entirely control the construction of the will.

We have many times held that where there is a latent ambiguity in a will, extrinsic evidence, being explanatory and incidental, is admissible to disclose and, if possible, to remove the ambiguity, such evidence being admitted not for the purpose of adding to or detracting from the provisions of the will, but to enable the court to view the will in the light of the circumstances surrounding the testator when the will was made, so as to ascertain his intention and the meaning of the words used. *Norton* v. *Jordan,* 360 Ill. 419; *Collins* v. *Capps,* 235 Ill. 560; *Whitcomb* v. *Rodman,* 156 Ill. 116.

It is equally true that certain fundamental rules have been laid down for the construction of a will. The cardinal rule of construction is to ascertain the intent of the tes-tator. This intent must be gathered and ascertained from a consideration of the entire will. (*McKibben* v. *Pioneer Trust & Savings Bank,* 365 Ill. 369; *Riddle* v. *Killian,* 366 Ill. 294; *Papa* v. *Papa,* 377 Ill. 316; *Cahill* v. *Michael,* 381 Ill. 395.) The intention must be obtained from the words of the will itself, the purpose being to arrive at the intention as expressed by its language, and not an intention which may have existed in the testator's mind apart from such language. (*Bingel* v. *Volz,* 142 Ill. 214; *Norton* v. *Jordan,* 360 Ill. 419; *Dahmer* v. *Wensler,* 350 Ill. 23; *Cahill* v. *Michael,* 381 Ill. 395.) Parol evidence may be admitted where its effect is merely to explain or make certain what the testator has written, but the rule is inflexible that such proof is not admissible for the purpose of importing into the will an intention which is not there expressed. (*Dahmer* v. *Wensler,* 350 Ill. 23; *Norton* v. *Jordan,* 360 Ill. 419.) Evidence respecting the intention of a testator, separate and apart from that conveyed by the language of the will, is not admissible for the purpose

of interpreting it; (*Starkweather* v. *American Bible Society*, 72 Ill. 50; *Dahmer* v. *Wensler*, 350 Ill. 23;) and declarations of a testator as to what he intended are not admissible. (*Kirkland* v. *Conway*, 116 Ill. 438; *Parker* v. *Ruley*, 317 Ill. 441.) Nor are instructions given to the scrivener of the will admissible to determine intention. *Hollenbeck* v. *Smith*, 231 Ill. 484; *Dollander* v. *Dhaemers*, 297 Ill. 274.

The application of the rules of construction to the latent ambiguity rule, as applied to wills, has been frequently considered by this court, and it has been universally held in this State that, inasmuch as our statute requires all last wills and testaments to be in writing and properly witnessed, extrinsic evidence is never admissible to alter, detract from, or add to the terms of the will. (*Kurtz* v. *Hibner*, 55 Ill. 514; *Bishop* v. *Morgan*, 82 Ill. 351; *Bingel* v. *Volz*, 142 Ill. 214; *Williams* v. *Williams*, 189 Ill. 500; *Vestal* v. *Garrett*, 197 Ill. 398; *Lomax* v. *Lomax*, 218 Ill. 629; *Graves* v. *Rose*, 246 Ill. 76.) When, however, there is a latent ambiguity in a description of the object or subject of the gift, and such ambiguity can be removed by rejecting false words, leaving a complete, independent description, it is the duty of the court to do so, and where there are two descriptions, one good and one bad, the authorities are uniform to the effect that the latter may be rejected. *Vestal* v. *Garrett*, 197 Ill. 398.

Probably the most complete discussion of the application of the latent ambiguity rule in the construction of wills is to be found in *Graves* v. *Rose*, 246 Ill. 76. After review of authorities the following propositions are established: (a) While the object of construction is to ascertain the intention of the testator, it must be an intention expressed in the will, and must be determined from the language used, and the will cannot be reformed to conform to any intention of the testator not expressed in it, no matter how clearly a different intention may be proved

by extrinsic evidence. The reason is that, if the rule were otherwise, all wills would be subject to proof of mistake and of a different intention from that expressed, so that, in fact, property would pass without a will in writing, which the law demands. (b) Parol evidence is admissible to explain a latent ambiguity where the writing upon its face appears clear and unambiguous but the meaning is rendered uncertain by extrinsic evidence. This is not regarded as a violation of the rule that a writing shall not be contradicted or explained by oral evidence. (c) Where the description of the property intended to be devised is true in part, but not true in every part, it is not a violation of the rule that a will cannot be reformed, or a mistake in description corrected, to reject that portion of the description which is shown to be false. But the rule is inflexible and forbids the insertion of anything else in the place of that stricken out. No word or words may be supplied. All of the propositions thus reviewed and analyzed in *Graves* v. *Rose* are supported by a wealth of authority, and, so far as we have been able to ascertain, have not been departed from since its announcement.

A latent ambiguity does not arise from the words themselves but from the extrinsic circumstances to which the words refer and which may be explained by the development of extraneous facts without altering or adding to the written language, or requiring more or less be understood by the language of the instrument than will fairly comport with its terms. The rule has never been so applied to wills that explaining the ambiguity in one clause operates to reform or vary the devise to another person, in another part of the will, which contains no ambiguity.

Thus, in the case at bar, when the rule is applied it will be found there is an ambiguity in the fifth clause of the will in that the brick building is not situated on lot 1; it is situated on lot 2. Clause six gives the devisee of lot two the buildings located thereon without any ambiguity

whatever. It does not give such devisee any part of lot 1, as decreed by the court. While it is true, as pointed out above, in the case of an ambiguity arising from a description, the false may be rejected, the question here is which is the false description? The legal description is given, and the lots are devised to the respective beneficiaries. There is no ambiguity whatsoever in the description of the property devised to the Appletons, and therefore to construe the will as giving to the Appletons a part of lot 2 and a part of lot 1, because there is an ambiguity in the description to the devisee of lot 1, is to add something to the will that is not in it, and consequently violates one of the fundamental canons of construction of wills. Moreover, since clauses five and six are repugnant and inconsistent, rules of construction do not permit the former clause to modify or abrogate the latter. If either clause must be modified to effect the testator's intention, the latest clause prevails. *Riddle* v. *Killian,* 366 Ill. 294; *Liesman* v. *Liesman,* 331 Ill. 287; *Little* v. *Bowman,* 276 Ill. 125.

It necessarily follows, therefore, that in rejecting part of the description of the property devised to Rea we must reject the word "brick" as being the false description, because to eliminate the lot number automatically creates an ambiguity in clause six, where no ambiguity exists. Lot 2 is devised to the Appletons, and by rejecting the word "brick" we reach the conclusion that lot 2, with its two buildings, is devised to the Appletons, and lot 1, with its building, is devised to appellee Rea. This does not alter the will, and the result fairly comports with its written terms.

As pointed out above, the intent, as expressed by the oral declaration of the testatrix to friends and to the scrivener, cannot be considered to ascertain her intention. The intention must be derived from the language used in the will, and when that language, with the false description of the building on lot 1, is explained, it indicates an inten-

tion that lot 1 is devised to Rea and lot 2 to the Appletons. When the trial court permitted the evidence to do any more than serve the purpose of ascertaining the actual language of the will, and from this determine the intention of the testatrix, it committed error. The intention of a testator cannot be ascertained in this manner without violating the rule of property that a will must be in writing, attested and proved in the manner provided by law.

It follows that when the word "brick" is eliminated from the will as being obviously a false description, nothing remains but to identify the property devised, without adding anything else in place of the words stricken out. This leaves a proper legal description, entitling the appellants to have the will construed as devising to them lot 2 with the buildings thereon, and to the appellee Rea the part of lot 1 owned by testatrix, together with the building situated thereon.

The appellants object to the allowance of fees chargeable as costs against the properties involved in this litigation. The allowance of fees and the apportioning of costs is largely a matter of discretion in the trial court. (*Fleming v. Dillon,* 370 Ill. 325.) It is also the rule that where the construction of the will concerns the disposition of only part of the testator's property, or a particular fund, the costs of construing the will should be charged only against the property or the particular fund. (*Kendall v. Taylor,* 245 Ill. 617; *Lombard v. Witbeck,* 173 Ill. 396.) The decree of the circuit court properly limited the payment of fees out of the real estate involved.

The decree of the circuit court of Montgomery county is reversed and said cause remanded, with directions to proceed in conformity with the views expressed herein.

*Reversed and remanded, with directions.*

Mr. Justice Thompson, dissenting.