(No. 31153.—)

RUSSELL E. STROHM, Exr., *vs.* NINA O'DAY McMULLEN, Appellant.—(CLEO O'DAY *et al.,* Appellees.)

*Opinion filed November 22, 1949—Rehearing denied Jan. 12, 1950.*

CRAIG & CRAIG, of Mattoon, for appellant.

TROGDON & REDMAN, of Paris, and THEODORE O. CUT-RIGHT, of Toledo, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

This case involves the construction of the last will of John C. Miller of Cumberland County. The second clause is as follows: "I hereby devise and bequeath to my nephew Thad Lindley, son of Nannie Miller Lindley, now deceased, One ($1.00) Dollar, to be paid by my Executor hereinafter named, out of the proceeds of my estate with convenient speed." The Third clause made the same sort of a devise to "Cleo O'Day, son of Katie Miller O'Day, now deceased." Clause five is as follows: "I hereby forever exclude from any benefits of my estate forever, my sister, Mrs. Melissa Miller Duensing, and her son, Ira Duensing." Clause six reads as follows: "The remainder of my estate consisting of all property, real, personal and mixed, including all my personal effects, of whatever nature or description and wherever located of which I may die possessed, whether now owned by me or hereafter acquired, I devise and bequeath to my beloved brother, George W. Miller, and my beloved sister, Viola Miller Sparks, and my beloved niece, Nina O'Day McMullen, daughter of my sister, Katie Miller

O'Day, now deceased, share and share alike." The last clause appoints the executor of said will.

Prior to the death of John C. Miller both George W. Miller and Viola Miller Sparks, mentioned in the sixth clause of the .will, died, and, since they were both collateral relatives of the deceased, the devises lapsed. The suit was commenced by ·Russell E. Strohm, as executor of the estate of John C. Miller, for a construction of the will to determine who became the owner of the one-third interest disposed of by each of the lapsed legacies. By appropriate pleading, Nina O'Day McMullen, the devisee of one third of the residue of the estate, became aligned on one side of the controversy, claiming all of the lapsed property as the survivor of a devise to a class which would take all property included within the devise to the members thereof. On the other side of the controversy were the persons who would be the remaining heirs-at-law of John C. Miller had he died intestate, who are the following: the children and heirs of George W. Miller, one of the deceased residuary legatees; the children and heirs-at-law and legal representatives of such heirs of Viola Miller Sparks, one of the deceased residuary legatees; and other heirs-at-law of John C. Miller, deceased, including Ira M. Duensing, hereinafter designated as "heirs," who, together with Nina O'Day McMullen, constituted all of the heirs-at-law of John C. Miller, deceased.

The "heirs" claim that the devises by the last will of John C. Miller to the brother, George W. Miller, and the sister, Viola Miller Sparks, lapsed because of their death prior to that of the deceased, and therefore descended to all of the heirs-at-law as intestate property. The court sustained the contention of the "heirs," and entered a decree accordingly. Nina O'Day McMullen, appellant, comes to this court by way of direct appeal because a freehold is involved, contending thè devises in the sixth clause were a gift to a class, of which she is the surviving member.

There seems to be no dispute between counsel as to the heirship of John C. Miller, deceased, nor of the respective shares allotted to the different parties, provided the court was right in holding that the gifts to the persons in the sixth clause of the will abated, and such property passed as intestate property. The sole question involved is whether the devises made in the sixth clause of the will of John C. Miller constitute a gift to a class, or whether the gifts made therein were individual and personal to the persons named. If the first alternative is adopted by the court the judgment must be reversed; otherwise affirmed.

The definition of a class gift adopted by this court, as laid down by Mr. Jarman in his work on Wills, (Vol. 1, p. 534, 5th. Am. Ed.,) is: "A gift to a class is defined * * * as a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons." *Volunteers of America* v. *Peirce*, 267 Ill. 406; *Blackstone* v. *Althouse,* 278 Ill. 481; *Henry* v. *Henry*, 378 Ill. 581.

"A class, in its ordinary acceptation, is a number or body of persons with common characteristics or in like circumstances or having some common attribute, and, as applied to a devise, it is generally understood to mean a number of persons who stand in the same relation to each other or to the testator." (*Blackstone* v. *Althouse*, 278 Ill. 481.) And it has been definitely decided in this State that in determining whether a devise is to a class or to individuals depends upon the language of the will. If from such language it appears that the amounts of their shares are uncertain until the devise or bequest takes effect, the beneficiaries will generally be held to take as a class; but where at the time of making the gifts the number of beneficiaries is certain, and the share each is to receive is also

certain and in no way dependent for its amount upon the number who shall survive, it is not a gift to a class, but to the individuals. *Volunteers of America* v. *Peirce,* 267 Ill. 406; *Blackstone* v. *Althouse,* 278 Ill. 481; *Strauss* v. *Strauss,* 363 Ill. 442; *Henry* v. *Henry,* 378 Ill. 581; *Peadro* v. *Peadro,* 400 Ill. 482.

There is an exception to the rule that naming the individual prevents the gift from becoming a class gift, stated in *Strauss* v. *Strauss,* 363 Ill. 442, holding that the mere fact that the testator mentions by name the individuals who make up the class is not conclusive, and that if the intention to give a right of *survivorship* is collected from the remaining provisions of the will, as applied to the existing facts, such an intention must prevail. This is in accord with the general rule applying to construction of wills, that the intention of the testator, if clearly manifested from the whole will, must prevail over rules of construction. This rule was recognized in the late case of *Peadro* v. *Peadro,* 400 Ill. 482, where the gift after a life estate was devised as follows: "shall be equally divided, share and share alike, between Earl D. Peadro, Berniece F. Peadro, Roy F. Peadro, and Irtys A. Peadro, or the survivor of them to be their sole and absolute property." In that case we held there was no class gift, saying: "This court recognizes the rule that a gift to persons named is a gift to them individually and not as a class, and will treat the gift as one to individuals, unless reasons are found in the language and structure of the will for deciding that the intent of the testator, which is, of course, paramount to the rule, would be best subserved by disregarding the rule and treating the gift as one to a class."

The appellant relies very largely upon the *Strauss case* to support her contention that the gift under the present will is to a class, and, that being true, the death of George W. Miller and Viola Miller Sparks prior to the death of the testator requires the whole of the residuary estate to

go to the survivor named in the sixth clause, *viz.,* Nina O'Day McMullen. When carefully analyzed the language does not support appellant's contention, for in that case in the first instance the general rule is recognized in the following language: "While we recognize the general rule that a gift to persons named is a gift to them individually and not as a class, yet reasons are here found in the language and structure of the will for deciding that the intent of the testator, which is, of course, paramount to the rule, would be best subserved by disregarding it." The litigation arose over the disposition of a share of one child mentioned in the residuary clause, who died prior to the testator, and it was held that there was a class gift, and that the survivors named took upon the lapse of the devise to one of those coming within it.

It, therefore, becomes important to ascertain what were the reasons appearing in the *Strauss case* which constrained the court to hold a class gift was devised. In the residuary clause in that case the testator gave and devised in "equal parts to my following named children" (naming all of them except Albert) the residuum of his estate. By a previous clause Albert was given an outright gift of $75,000, in lieu of all of his inheritable interest in the estate. In other portions of the will it was provided the beneficiaries of the residuum should become partners with a surviving brother, who, together with the deceased had operated the business for many years, and express provision was made for the continuance of the business of which the residuum was a part, and the shares of the several children, or their descendants, were given on the condition that the business was operated as a family business, expressly excluding Albert. The residuary beneficiaries were referred to in different ways in other parts of the will. They were referred to as "my children who shall then be surviving," or, "my children who are named in the ninth clause of my will," or, "my said children," or, "my following named children."

These different designations are all given to the same group, and the first three clearly define a class group, always excepting the child who was excluded. The designation of names of individuals in the ninth clause was found to be merely for more certainty in identification of the persons who constituted the class, and not for making individual gifts to them. The court gave weight to the intention that this group of children or grandchildren, or representatives of their estates, were to become members of the partnership controlling the business of the testator to the exclusion of the son, Albert, from all of these enterprises.

The facts in the *Strauss case* brought it well within the exception to the rule that naming individual takers prevents it from being a class. As a matter of fact, however, the mentioning of the names of the children was only one of four different ways in which the residuary legatees were designated, the others in themselves being sufficient to bring the donees within a class, (*Henry* v. *Metz,* 382 Ill. 297,) and to hold that the survivors of the class upon the death of one should take the gift.

In the instant case there is nothing at all similar appearing in the will of John C. Miller. The only premise upon which the contention of appellant is based is that it appeared in the fifth provision of the will that the testator forever excluded Melissa Miller Duensing, and her son, Ira Duensing, from any benefit in his estate. No similar provision is made affecting any other devisee. So, if the dislike of the Duensings controls the construction of the entire will we read into it something that is not there. The fact that the testator did not want certain relatives to share in his estate does not indicate that he desired that the named residuary devisees be clothed with the right of survivorship. We have many times held that an expression in a will that an heir be disinherited, or that he take nothing, does not prevent such heir from taking intestate property of his ancestor. In *Lawrence* v. *Smith,* 163 Ill. 149, the

will recited that one of the sons of the testator was disinherited because he was convicted of murder and was in the penitentiary for life, and had been an altogether worthless person; but this did not prevent such son from inheriting a portion of his father's property which had become intestate.

It is asserted by appellant that the testator was presumed to know the law, and that, in case one of the beneficiaries in the sixth clause of the will died, the devise would abate, but the testator is also presumed to know that if any devise in a will does lapse the property becomes intestate property, and that all heirs take this distributive share. An heir cannot be disinherited by words alone. The property must be given to somebody else. (*Tea* v. *Millen,* 257 Ill. 624; *Ness* v. *Lunde,* 394 Ill. 286.) Words of disinheritance alone neither prevent such an heir from taking intestate property nor reflect an intention that other heirs of intestate property shall be excluded. The sixth clause of the will in this case not only named the individuals who were to take, but also who were to take "share and share alike." No more precise description of a donee, or of the amount given, could be made, leaving no room to construe the individuals into a class so that the survivor of such class would take all of the residue.

In conclusion, it must be clear that the sixth clause of the will in question constitutes a gift to individually named beneficiaries; that the gift was not to persons who come within the designation of a class, as it has been defined in our prior decisions, and, not being a class gift, the share accruing to one of the individual members, who has predeceased the testator, must necessarily be intestate property and pass to the heirs-at-law.

The decision of the circuit court of Cumberland County was correct, and its decree is accordingly affirmed.

*Decree affirmed.*