(No. 34097.—
OLIVER G. SCHROEDER, Exr., *vs.* JOHN BENZ *et al.,* Appellants.—(IDA SCHROEDER *et al.,* Appellees.)

*Opinion filed November 26, 1956.*

P. C. Otwell, of Belleville, and J. Max Mitchell, of West Frankfort, for appellants.

Howard F. Boman, and Francis D. Conner, both of East St. Louis, for appellees.

Mr. Justice Hershey delivered the opinion of the court:

This appeal from the circuit court of St. Clair County involves the construction of the will of Lizzie Hammann, who died on September 16, 1954.

The principal question is whether the following para-

graph of her will directed a *per capita* or *per stirpes* division:

"Fourth:—After the payment of such just debts, legacies, funeral expenses and cost of Administration I give, devise and bequeath to my Brothers and Sisters, Ida Schroeder, Minnie Hirstein, Alex Benz, Lizzie Krump, and to the children of my Deceased Brother, Henry Benz, who are as follows: (John Benz, Robert Benz, Daisy Hielman Benz) and Emma Mueller and Katie Hammann, all the rest, residue and remainder of my Estate both real and personal of whatsoever kind and character and wherever situated should be sold and distributed in equal share, share and share alike to be their sole and absolute property."

Emma Mueller and Katie Hammann were not related to the testatrix by blood. The latter died before the testatrix, and since she was not a descendant of the testatrix, her gift lapsed. (Ill. Rev. Stat. 1953, chap. 3, par. 200.) There is a dispute as to whether this share thereby remained a part of the residuary estate or whether it passed as intestate property of the testatrix.

Also at issue is whether the foregoing paragraph gives the executor power to sell the property.

The trial court held: (1) a *per stirpes* division was intended; (2) the Katie Hammann share passed as intestate property of the testatrix; (3) the executor has no authority to sell the property. A freehold being involved, the case comes directly to this court.

*First,* is the division to be *per capita* (with each of Henry Benz's children receiving a share equal to that of the other named beneficiaries) or *per stirpes* (with the children together receiving a share equal to that given each of the others)?

The law regarding a limitation to named persons and the children of another has undergone an evolution in this State. (See Carey and Schuyler, Illinois Law of Future Interests, sec. 275.) In the early case of *Pitney* v. *Brown,* 44 Ill. 363, decided in 1867, it was held, somewhat reluctantly, that the English precedents required a *per capita* distribution in a case of this nature. This view was re-

affirmed in *McCartney* v. *Osburn,* 118 Ill. 403. But a change occurred in 1921, when this court directed a *per stirpes* division in a case involving devises to seven named children and the children of a deceased daughter also named. (*Dollander* v. *Dhaemers,* 297 Ill. 274.) Since that time, we have consistently favored *per stirpes* distribution. (*Palmer* v. *Jones,* 299 Ill. 263; *Beal* v. *Higgins,* 303 Ill. 370; *Dahmer* v. *Wensler,* 350 Ill. 23; *Condee* v. *Trout,* 379 Ill. 89.) Hence, it is settled in this State that where there is a devise to named persons and the children of another, a *per stirpes* division is to be favored in the absence of a contrary intention manifested by the will.

A preference for *per stirpes* distribution is an instance where that construction is favored which more nearly conforms to the general laws of inheritance. (See *Cahill* v. *Cahill,* 402 Ill. 416; *Dahmer* v. *Wensler,* 350 Ill. 23.) By statute in Illinois, intestate property descends *per stirpes*. (Ill. Rev. Stat. 1955, chap. 3, par. 162.) It is proper that courts take note of this legislative policy when construing ambiguous provisions of wills. Moreover, we believe this is what would be intended in the ordinary case were the matter called to the testator's attention. Where, as here, there is a devise in the form "to A, B, C, D, and the children of E," there is a strong indication that a five part division is intended, with the children sharing one of the parts. If *per capita* division were contemplated, it would seem that the children would not be described collectively, but would be named individually, the same as the others who are to receive a full share.

However, it is argued in this case that the children were in fact individually named, and that this is sufficient to overcome the presumption discussed above. But it is apparent that the naming of the children is subordinate to their designation as a class, "children of my Deceased Brother, Henry Benz." The names of the children, enclosed by parenthesis, are merely an amplification of the

primary designation, and in context it would seem the testatrix considered them as representatives of her brother, Henry. The logical inference is that she was treating her brothers and sisters equally, and since Henry had predeceased her, the share allotted to him was to go to his children.

*Second,* is the lapsed share of Katie Hammann to be considered a part of the residue or as intestate property?

The law regarding the devolution of a lapsed portion of a residuary estate is not uniform. (For an exhaustive survey of the authorities, see 28 A.L.R. 1237, 139 A.L.R. 868, and 36 A.L.R.2d 1117.) The majority view is that such a lapsed gift passes as intestate property of the testator rather than as a part of the residue for the benefit of the other residuary beneficiaries, unless a contrary intention is indicated by the will. There are Illinois cases in accord. (*Dorsey* v. *Dodson,* 203 Ill. 32; *Dickinson* v. *Belden,* 268 Ill. 105; *Strohm* v. *McMullen,* 404 Ill. 453.) But this doctrine has had an uneasy career, having been criticized repeatedly, (see, *e.g., In re Dunster,* 1 Ch. (Eng.) 103; *Aitken* v. *Sharp,* 93 N.J.Eq. 336; *Wright* v. *Wright,* 225 N.Y. 329; see also Atkinson on Wills, 2d ed., pp. 784-5; 21 Mich. L. R. 585; 10 N.Y.U.L.Q.R. 97,) and on occasion flatly rejected. *West* v. *West,* 89 Ind. 529; *Corbett* v. *Skaggs,* 111 Kan. 380; *In re Moloney,* 15 N.J. Super. 583.

Illustrative of the criticism is the following comment from an early English case: "I think the effect of it is to defeat the testator's intention in almost every case in which it is applied." (*In re Dunster,* 1 Ch. (Eng.) 103.) And in *Corbett* v. *Skaggs,* 111 Kan. 380, we find the following: "We regard the rule that lapsed shares of deceased residuary legatees shall be treated as intestate property as in direct conflict with the one to which this court is definitely committed, that the actual purpose of the testator, so far as it can be ascertained, must be given effect.

The presumption against intestacy of any part of the estate is a means of carrying out this policy which is disregarded by taking lapsed legacies out of the residue, for the benefit of those who would inherit from the decedent in the absence of a will. The reasons for allowing lapsed specific legacies to fall into the residue apply with equal force in favor of allowing all the residue to go to the surviving residuary legatees in case of the death of one of them, instead of turning over a part of it to persons for whom other provision had been made, or who had not been referred to in the will at all. The statement sometimes made in support of the latter practice—that the share of a deceased legatee cannot fall into the residue, because it is itself a part of the residue—appears rather to play upon words than to point out any real difficulty."

Yet while the courts have been reluctant to change, the legislatures have not. A New Jersey case points out that the legislatures of Pennsylvania, Ohio, Rhode Island and New Jersey, in recognition of the error inherent in the English rule which causes the property to devolve as in the case of intestacy, have passed statutes to remedy the situation. *In re Moloney's Estate,* 15 N.J.Super. 583.

As of last year, Illinois has been added to the list of those States where the doctrine has been abrogated by statute. A 1955 amendment to the Probate Act provides that where a residuary gift lapses and no provision is made in the will for that contingency, the property passes to the remaining residuary beneficiaries in proportion and upon estates corresponding to their respective interests in the residue. Ill. Rev. Stat. 1955, chap. 3, par. 200.

Since the testatrix here died prior to the enactment of the statute, it is not controlling. However, we are convinced that the same rule should be applied. For, although not directly applicable, the Illinois statute does reflect a legislative policy which should be taken into consideration.

In addition, the rule which favors partial intestacy in a case of this nature is not well founded. "It would seem to be a not unreasonable view that, *prima facie,* by a gift of all his residuary property to designated persons a testator intends that whatever assets happen to fall within the provision shall go to those persons as being the ones preferred by him in any event as against the whole world * * *." (36 A.L.R.2d 1117, 1118.) "By the very fact of the appointment of general residuary legatees, the ordinary testator manifests his desire that all his earthly possessions pass to beneficiaries designated in his will." *In re Moloney's Estate,* 15 N.J. Super, 583, 586-7.

Moreover, it is well settled that there is a presumption against intestacy in whole or in part. "This presumption is so strong that unless a contrary intention is clearly expressed, it will be presumed that the testator intended to dispose of all of his estate by his will, and leave no part of it as intestate property." *Glaser* v. *Chicago Title and Trust Co.* 393 Ill. 447, 456.

For the reasons stated, the following Illinois cases are hereby overruled so far as they are inconsistent with the holding of this case: *Dorsey* v. *Dodson,* 203 Ill. 32; *Dickinson* v. *Belden,* 268 Ill. 105; *Strohm* v. *McMullen,* 404 Ill. 453.

*Third,* is the executor authorized to sell the property?

Despite deficiency in syntax, the provision does expressly provide for the sale of the property and the distribution of the proceeds to those entitled. Moreover, by necessary implication, this duty devolves upon the executor. (Cf. *Sartain* v. *Davis,* 323 Ill. 269.) Any other reading would frustrate the obvious intention of the testatrix that the distribution problem be solved by a sale and division of the proceeds.

We conclude (1) the will directs a *per stirpes* division, (2) the lapsed share of Katie Hammann passes as a part

of the residuary estate, and (3) the executor is authorized to sell the property and divide the proceeds as the will directs.

The decree of the circuit court of St. Clair County is affirmed in part and reversed in part. The cause is remanded with directions to proceed in conformity with this opinion.

*Affirmed in part and reversed in part,*
*and remanded, with directions.*