Joseph L. Leibrandt, Appellant, v. George M. Adler, et al., Appellees.

Gen. No. 48,295.

First District, First Division.

April 17, 1961.

Sherwin J. Malkin, of Chicago, for appellant.

Righeimer and Righeimer, of Chicago (Alvah T. Martin and John T. Mead, of counsel) for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff, Joseph L. Leibrandt, appeals from a will construction decree, which denies him inclusion as a legatee under the will of Marcia M. Leibrandt, and denies also his attorney's fees and costs.

The testatrix, Marcia M. Leibrandt, died on September 17, 1958, leaving a $400,000 estate. The record indicates that her husband, George Leibrandt, predeceased her, and that no children were born of that marriage or to her at any time. Plaintiff was not related to the testatrix but is one of seven children of Fred Leibrandt, a nephew of her deceased husband. The will, written in decedent's handwriting, includes bequests of $5,000 to each of the six brothers and sisters of plaintiff, but makes no provision for him. The bequests are contained in Clause Seven of the will, as follows:

"I give and bequeath to the children of Fred Leibrandt, nephew of my deceased husband, George Leibrandt said children being identified by their given names, to-wit: Winifred, Marcia, Catherine, Edward, John and George Leibrandt, the sum of Five Thousand Dollars ($5,000) each, said legacies being bequeath [sic] to each of them or their respective heirs at law per stirpes and not per capita."

259

Plaintiff filed a complaint to construe Clause Seven as being bequests to a class rather than as to specified individuals. At the trial, in order to show that the testatrix intended to include plaintiff in the aforementioned bequest, plaintiff offered to prove that the testatrix had requested Mrs. Rachowicz, a sister of plaintiff, to call all of her brothers and sisters to come before testatrix because testatrix wanted to give them something, but the meeting was called off because testatrix took ill; that testatrix did not know all the names of the children of Fred Leibrandt; that testatrix depended on Mrs. Rachowicz to supply the names of Fred Leibrandt's children; that Mrs. Rachowicz told testatrix the names over the telephone and later sent a letter to testatrix, in which letter she inadvertently omitted the name of Joseph, the plaintiff; also, that several of the names in the bequest were incorrect; and that the testatrix received the letter which omitted plaintiff's name, and it was then in the possession of one of the attorneys for the estate.

The chancellor rejected the offer of proof and, after hearing the arguments of counsel, entered a decree finding that the bequests in question "are specific legacies to each of the persons named therein and are not bequests to a class." The decree also found that the will was not obscure or ambiguous, did not require construction by the court, and denied the request of plaintiff for attorney's fees and costs.

■ The decisive question is whether the bequests made in Clause Seven were intended to be a class gift and were made with group-mindedness and constitute a gift to a body of persons as a whole or unit, or whether the decree properly decided that the bequests were made to the persons named of the group as individuals. The cardinal rule of construction of wills is to ascertain the true intent of a testator, and the basic rules of construction for the instant appeal are

well set forth in Krog v. Hafka (1952), 413 Ill. 290, 109 N.E.2d 213.

■ An examination of the will shows that the testatrix, in naming other persons as legatees, further identified them by adding some designation of relationship or street address, and Clause Seven follows this pattern. The provisions of Clause Seven are clear and certain as to the persons named as beneficiaries. The bequest to each is certain, for a definite sum, and is in no way dependent for its amount upon the number who shall survive. (Strohm v. McMullen (1950), 404 Ill. 453, 89 N.E.2d 383.) We find no reason in the language and structure of the will for disregarding the rule that, where there is a gift to a number of persons who are indicated by name, and who are also further described by reference to the class to which they belong, the gift is held prima facie to be a distributive gift, individual and personal to the persons named, and not a gift to a class. Krog v. Hafka, 413 Ill. 290, 298, 109 N.E.2d 213; Strohm v. McMullen, 404 Ill. 453, 89 N.E.2d 383; Strauss v. Strauss (1936), 363 Ill. 442, 2 N.E.2d 699.

Plaintiff contends the fact that there were seven children of Fred Leibrandt instead of six, and that several of the names were incorrect or misspelled, created a latent ambiguity, and that the rejected evidence would have proven that the testatrix was group-minded and wanted to benefit all of the children without exception.

■■ A latent ambiguity in a will is one where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings. (Krog v. Hafka, 413 Ill. 290, 109 N.E.2d 213.) The courts have not always limited themselves to the words expressed in the will, and "where there

261

is a latent ambiguity in a will, extrinsic evidence, being explanatory and incidental, is admissible to disclose and, if possible, to remove the ambiguity." Appleton v. Rea (1945), 389 Ill. 222, 226, 58 N.E.2d 854.

Plaintiff seeks to add a complete bequest—a legatee and an amount. This is more than a latent ambiguity—if one existed—can accomplish. We do not believe the offer of proof shows a latent ambiguity. We think the rejected proof comes within the rule that parol evidence is not admissible for the purpose of importing into the will an intention which is not there expressed. Evidence respecting the intention of a testator, separate and apart from that conveyed by the will, is not admissible for the purpose of interpreting it. Extrinsic evidence is never admissible to alter, detract from, or add to the terms of a will. Appleton v. Rea, 389 Ill. 222, 226, 227, 58 N.E.2d 854.

The intention of the testator, when clearly expressed, must be given effect in preference to any speculation that he did not mean what he said or intended what he said to mean something else. (Bartlett v. Mutual Benefit Life Ins. Co. (1934), 358 Ill. 452, 457, 193 N.E. 501.) The court is obliged to give effect to the expressed intention of the testatrix and not to draft a new will. (Young v. Whisler (1960), 19 Ill. 2d 501, 506, 167 N.E.2d 191.) We find no latent ambiguity in the fact that the testatrix named six of the seven children of Fred Leibrandt.

Finally, it is urged by plaintiff that the chancellor erred in denying him reimbursement out of the assets of the testatrix's estate for attorney's fees and court costs which he incurred in connection with his complaint for the construction of the will clause in question. We are not persuaded by the authorities submitted. The rule seems to be that a plaintiff in an unsuccessful will construction complaint to enforce a supposed interest for his own personal account, and not for the benefit of the estate, is not entitled to an

262

allowance for attorney's fees and costs out of the corpus of the estate. Brumsey v. Brumsey (1933), 351 Ill. 414, 184 N.E. 627; Raser v. Johnson (1956), 9 Ill. App. 2d 375, 132 N.E.2d 819.

It is our conclusion that the decree of the chancellor is correct and Clause Seven contains specific legacies to the persons named and is not a class gift. As we find no latent ambiguity there was no necessity for construing the will. Therefore, the decree appealed from is hereby affirmed.

Affirmed.

KILEY, P.J. and BURMAN, J., concur.