STANLEY E. STEINKE, Ex'r under the Will of Oswald Steinke, *et al.*, Plaintiffs-Appellees, *v.* ELLEN C. NOVAK, Defendant-Appellant.

Third District   No. 82—64

Opinion filed October 27, 1982.

Nancy Rink Carter and Craig M. Armstrong, both of Ottawa, for appellant.

Dale F. Conde and Robert A. Calgaro, both of Pedderson, Menzimer, Conde, Stoner & Killoren, of Rockford, and Thomas Anderson, Jr., of Anderson & Anderson, of Earlville, for appellees.

JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by Ellen C. Novak, defendant, from an entry of judgment on the pleadings by the circuit court in a suit to construe a will. Stanley Steinke and Eugene Steinke, executors under the will of Oswald Steinke, filed a complaint against Ellen Novak, their sister

and a third-named executor of Oswald Steinke's estate, for construction of parts of their father's will. Oswald Steinke died testate in 1969, and his will provided, in pertinent part, that certain of his farm real estate should pass to his surviving spouse, for her lifetime. Upon her death, his executors were directed to sell the farm property within two years. However, in the will, Stanley Steinke was given the first right to purchase the farm real estate "at the appraised value approved for Inheritance Tax purposes." The proceeds of any sale were to be divided equally between the three children of Oswald Steinke. In 1981, Ella Steinke, widow of Oswald Steinke, died. Thereafter, Stanley Steinke offered the full amount of the appraised value of the farm, approved for inheritance tax purposes, being $78,000, for the purpose of exercising his first right to purchase the farm, pursuant to his father's will. Ellen Novak, as co-executor, refused to accept the offer and refused to sell the real estate.

Suit was then filed by Stanley and Eugene to construe that provision of the will within which Oswald Steinke provided for disposition of the farm real estate. Subsequent to the filing of this action, Ellen Novak resigned as co-executor of the estate of Oswald Steinke. In her answer she alleged a breach of Stanley's fiduciary duty as executor, a breach of his common law duty of good faith and fair dealing, and also that the will must be interpreted in light of changed circumstances since the testator's death. The answer did, however, admit the allegations in the plaintiffs' complaint.

Plaintiffs thereafter filed their motion for judgment on the pleadings, contending that there existed no material issue of fact, and that on the pleadings they were entitled to judgment as requested. The circuit court agreed, granting judgment to the plaintiffs. The court found the language of Oswald Steinke's will to be clear and unambiguous in setting forth his intention that Stanley be given an option to purchase the farm at the approved inheritance tax appraised value. The court found no need, nor basis, for considering extrinsic evidence in construing the will. The court also concluded that the matters raised by answer would not affect the will construction, and, in any event, that there was no substantial question, based on the facts as admitted, that Stanley violated any fiduciary duty "by availing himself of his father's directions."

From the court's decision and judgment, the defendant Ellen Novak appeals. She argues: (1) that the court erred in not permitting extrinsic evidence on the testator's intentions; (2) that the subsequent event of inflation creates an ambiguity as to the intent of the testator; (3) that the court erred in that it only considered one clause in

the will, and not the will in its entirety; and (4) that the court erred in ignoring the allegations of a conflict of interest.

The record discloses the following additional undisputed facts. Oswald Steinke died in April 1969, leaving a will. In pertinent part, the will provided:

> "*THIRD.* I give and devise all of the real estate that I may own at the time of my death unto my wife, Ella Steinke, for and during the term of her natural life only. I direct that my said wife shall pay all taxes levied against said property, keep the premises fully insured from fire and windstorm and keep the buildings thereon in a fair state of repair. That upon the death of my said wife, I direct my Executors hereinafter named, shall sell said real estate within two years after her death. I do hereby give Stanley Steinke, personally and individually, the first right to purchase said real estate at the appraised value approved for Inheritance Tax purposes and that the proceeds from said sale shall be divided equally among my children, namely, Eugene Steinke, Ellen Novak, and Stanley Steinke, share and share alike, absolutely.
>
> *FOURTH:* All the rest, residue and remainder of my estate, after the payment of funeral expenses, costs of administration, and all other expenses, I give and bequeath unto my said children, namely, Eugene Steinke, Ellen Novak, and Stanley Steinke, share and share alike, absolutely.
>
> *LASTLY:* I do hereby make, nominate, constitute and appoint my said children, \*\*\*, to be Executors of this my Last Will and Testament \*\*\*. I do hereby \*\*\* empower said Executor to sell said real estate, either at public or private sale, as said Executors shall deem best, without the sanction or approval of any Court, after they have first offered said real estate to Stanley Steinke as herein provided, \*\*\*."

After Oswald Steinke's death, the executors, on June 8, 1970, filed an inheritance tax return with the court, wherein the farm real estate, consisting of 130 acres, was valued at $78,000. There is no dispute that the approved appraised value, for inheritance tax purposes in the Oswald Steinke estate, was $78,000. No objection to that figure was raised by any of the executors, when the return was filed.

In 1981, Ella Steinke, Oswald's widow and the life tenant under his will, died. After her death, Stanley Steinke, exercising his first right of purchase under the third paragraph of his father's will, offered $78,000 for the purchase of the real estate in the estate. When

Ellen Novak, as co-executor, refused to consent to such sale, the instant action was commenced by the brothers. Their complaint alleged the facts previously set forth, and requested the court to construe the will of Oswald Steinke, in its disposition of the real estate. The factual allegations of the complaint were admitted in Ellen Novak's answer, but additional matter was also raised. Novak alleged breaches of fiduciary duties by Stanley Steinke in exercising his right of first purchase under the will, and also she alleged that the will should be interpreted in light of changed conditions since Oswald Steinke's death. The court found no ambiguity in the pertinent will provisions, and no basis for the allegations made by Ellen Novak in her answer. Judgment for the plaintiffs and against Ellen Novak was ordered.

The rules with respect to will construction are well known and of long-standing applicability. Courts of law have limited powers when construing wills, and where the intent of the testator is clear from the language used in the will, courts are not permitted to change or alter that intention, under the guise of interpretation. (*Stern v. Stern* (1951), 410 Ill. 377, 384-85, 102 N.E.2d 104; *Fuller v. Fuller* (1924), 315 Ill. 214, 146 N.E. 174.) The primary purpose in any will construction is to ascertain the intention of the testator, and where his own words are clear as to his intention, they prevail. Courts are not permitted to speculate as to what may have been the intentions of a testator, had he survived and been aware of a particular contingency occurring after his death. (*Gridley v. Gridley* (1948), 399 Ill. 215, 229, 77 N.E.2d 146.) Where the words of the testator are clear and unambiguous, extrinsic evidence is not admitted to vary those words. (*Peck v. Drennan* (1951), 411 Ill. 31, 38, 103 N.E.2d 63; *In re Estate of Rettig* (1981), 100 Ill. App. 3d 653, 655, 427 N.E.2d 235.) Words used in a will are to be given their ordinary and natural meaning, but where technical terms are used, they are presumed to be used in their technical meaning. *Gridley v. Gridley* (1948), 399 Ill. 215, 223.

With these rules in mind, we examine the language of Oswald Steinke's will. The will provides that the real estate is to pass to Ella Steinke, for her lifetime, and then the property is to be sold, with the proceeds divided between the three children. However, Stanley Steinke is specifically given the first right to purchase the real estate, and the purchase price is specifically set. It is to be the approved and appraised value for inheritance tax purposes. In the event Stanley did not exercise his right to purchase, the will directs the executors to sell the property, at public or private sale. We find no ambiguity in the will's language with respect to disposition of the real estate. The will

clearly and unequivocally gives a preference to Stanley Steinke, with respect to the purchase of the real estate, and it sets forth a formula, for arriving at a clearly ascertainable price, *i.e.*, the value set for inheritance tax purposes. Such a price is clearly distinct from the method set forth, in the event Stanley chose not to exercise his right of first purchase. In that event, the real estate was to be sold by the three executors at public or private sale, yielding a market value it must be presumed.

The will is specific and unambiguous in directing the disposition of decedent's real estate. There was no need for any extrinsic evidence to aid in ascertaining Oswald Steinke's intentions. The court correctly so held.

■ The defense argues that the court erred in considering only the third paragraph of the will, thus ignoring what is alleged to be the general intent of the testator that his children be treated equally. When the will, in its entirety, is examined, it is clear that Stanley was singled out for some preferential treatment. By the third paragraph he, and not his brother or sister, is given that first right to purchase. In addition, the value set is not market value, but rather the value as appraised for inheritance tax purposes. Furthermore, this preferential treatment as regards the real estate is reflected also in the last paragraph of the will, wherein the testator empowers the executors to sell the property, "after they have first offered said real estate to Stanley Steinke as herein provided ***." The will, in its entirety, indicates a definite distinction in treatment between the children. That the testator provided for an equal distribution of the proceeds of sale to Stanley, and an equal distribution of the residual estate, does not contradict the preferential treatment shown Stanley. We find no inconsistency between the third paragraph of the will and the other provisions, such as to raise an ambiguity as to the testator's intentions. Those intentions are clearly expressed, and the court's judgment is consistent with the intentions of the will. One can speculate endlessly about the testator's beliefs with respect to his own life expectancy, his wife's life expectancy, or the future of the farm real estate market. That the testator may have changed his intentions, could he have foreseen the future, is not a sufficient basis for finding an ambiguity, where the words used are clear and unambiguous.

■ Similarly, we reject a related contention that inflation occurring between 1969 and 1981 in this country creates an ambiguity in the clear language of Oswald Steinke's will. While courts in Illinois have approved consideration of subsequent events in construing an ambiguous will, none have found that inflation subsequent to the will

is a sufficient basis for creating an ambiguity in a will that is otherwise clear and definite. To do so would be to open the floodgates to massive probate litigation. There was no ambiguity in this will, and we will not create an ambiguity merely because the value of the farm property increased dramatically between its appraisal for estate purposes and the time of its sale.

■■ The final contention of the defendant is that Stanley Steinke is in an inherent conflict of interest with the other beneficiaries under the will. The basis for this argument is the allegation that Stanley was acting for his own benefit when the appraised value was set for inheritance tax purposes. It is clear from the will that Oswald Steinke wanted his son Stanley to have the option to purchase the real estate and that he wanted Stanley to be executor along with his brother and sister. The option to purchase was created in the will, and Stanley was following the scheme set forth in the will when he exercised the option. We see no basis in his actions for finding a breach of fiduciary duties. With respect to any conflict of interest on the appraised value, there is no allegation or suggestion that at the time that value was set, being 1969, it was at all unfair or unrepresentative of the value of the property. Furthermore, all three executors were needed for approval of that tax return, and no objection was made by anyone at the time of the estate's action. There is no allegation or basis in the admitted facts for finding a material question of fact on any issue of impropriety on the part of Stanley Steinke.

The trial court correctly entered judgment on the pleadings. The allegations of the complaint were admitted, and they, along with the will, required the judgment entered by the trial court. The matters raised by answer were either insufficient to raise a question as to the will construction, or not relevant to construction of the will, which was clear and unambiguous on its face.

Judgment for the plaintiffs entered by the La Salle County circuit court is affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.